GREENWOOD vs. THE STATE.

Where it appears from the transcript that there is a conflict between the statements in the record entry, and in the bill of exceptions, this court will disregard the statement contained in the bill of exceptions. (*State vs. Jennings, use &c.*, 5 *Eng.* 449.)

Where the record states that the jury were "duly elected, tried and sworn herein," this court will hold that it is shown with sufficient certainty, by intendment, that the jury were properly sworn in the cause.

The appointment of a deputy sheriff continues no longer than the term for which his principal was elected; and if the principal sheriff be re-elected, it requires a new appointment, and approval under the statute, to continue in office his former deputy.

*Appeal from the Circuit Court of Poinsett County.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

WILLIAM BYERS, for the appellant.

JORDAN, Attorney General, contra.

Mr. Justice HANLY delivered the opinion of the Court.

This was an indictment against the appellant, for an assault and battery, upon the body of one Thomas Henderson. The case

was tried before a jury upon a plea of not guilty. The facts, as they appeared in evidence, are, that one Thompson Cooper, who had, at one time, been appointed deputy to James Davidson, sheriff of Poinsett county, but after such appointment, Davidson's term of office had expired, and he had been re-elected, commissioned and qualified, as sheriff, and Cooper had not been re-appointed deputy, but believing himself to be deputy, a writ of capias came to his hands against the appellant for an assault and battery. Cooper called upon Henderson to go with him, and assist him in arresting appellant on the capias. They found appellant at home, and in bed, and Cooper informed him of the nature of his business. Appellant got up, put on his clothes, and Cooper commenced reading the writ to him, when he left the house and started off in a tolerably fast gait. Henderson pursued, and overtook him at the yard fence, and just as he crossed the fence, Henderson caught him by the coat tail. Appellant endeavored to extricate himself from Henderson, by pulling loose, but Henderson held to the coat tail. Appellant failing to pull himself loose, turned, and struck Henderson three blows. The bill of exceptions states that, "this happened in Poinsett county, and within one year next before the filing of the indictment in the cause."

Appellant moved the court to instruct the jury: "If they believe from the evidence, that Thompson Cooper was appointed deputy sheriff, under James Davidson, sheriff of Poinsett county, and that Davidson was re-elected and qualified, after the appointment, and before the arrest of Greenwood, and that Cooper was not appointed deputy sheriff after Davidson's re-election, Cooper was not, in law, the deputy of Davidson; and, as such, was not authorized or warranted in taking the body of Greenwood, by virtue of any process from this court; and that the said Cooper, in so doing, and all persons acting with him in the arrest of Greenwood, were trespassers, and Greenwood had a right to repel any injury offered to his person by the said Cooper, or any

one acting with him;" which the court refused to give and appellant excepted.

The court then gave, on its own suggestion, and against the objection of the appellant, the following instruction, *to wit:* "If the jury shall find, from the testimony, that Thompson Cooper was appointed legally, a deputy sheriff, and Davidson, the sheriff, was re-elected at the next regular election, and Cooper continued to act as deputy sheriff, by the consent and desire of Davidson, the sheriff, Cooper was a legal deputy sheriff, without formal re-appointment." To the giving of which instruction, appellant, also excepted.

The jury found the appellant guilty, and assessed his fine at ten dollars, and the court rendered judgment in conformity with the verdict.

Appellant moved the court for a new trial, and assigned as causes: 1*st.* That the verdict is contrary to the evidence. 2*d.* That the verdict is contrary to the law. 3*d.* That the court erred in refusing to give the instruction asked for by the appellant. 4*th.* That the instruction given by the court is not law.

The motion for a new trial was overruled by the court, for which appellant also excepted.

The transcript from the entries of the recorded minutes of the court, states: "That the defendant pleaded not guilty, to which the State joined issue, and thereupon to try the issue joined, came a jury, &c., who were duly elected, tried and sworn herein:" and the bill of exceptions states, "that the cause was submitted to a jury who were empanneled and sworn to try said cause."

The cause was brought to this court by appeal.

Several errors were assigned, which we will proceed to notice and determine, in the order in which they are presented.

It is insisted on the part of the appellant, that the transcript in this cause, shows that the jury who tried the issue in the court below, were sworn in a manner falling short of the requirements

of the law in such cases. There appears, on the face of the transcript, a 'slight discrepancy, in this: the transcript of the minute entries of the court, states that the "jury were duly elected, tried and sworn," whilst the transcript of the bill of exceptions taken on the overruling of the appellant's motion for a new trial, only states, "that the cause was submitted to a jury, who were empanneled and sworn to try said cause."

In the case of *The State vs. Jennings, use &c., 5 Eng. Rep.* 449, Mr. Justice WALKER, in delivering the opinion of the court, upon a point similar to the one which we are considering at the present, remarked: "That the principal ground relied on for a re-consideration is, we apprehend, based upon a misapprehension of the record. It no where appears, of record, that the plaintiff abandoned any of the counts in his declaration. The statement in the bill of exceptions, that such was the case, furnishes no evidence whatever of the fact. The office of a bill of exceptions is, to preserve the evidence of facts, which, in the ordinary course of proceeding in the courts, would not otherwise appear of record in the case." By applying the test suggested by this court, in the case just quoted, we are bound to disregard the statement contained in the bill of exceptions, in reference to the swearing of the jury, and predicate our decision, upon the point we are considering, upon the entry copied from the minutes of the court.

The question recurs, does the entry from the minutes of the court show, with sufficient certainty, that the jury, who tried the cause, were sworn in the manner prescribed by the law in such cases?

There have been several adjudications of this court bearing on the question, ranging from 2d to 7th *English Reps.* In the case of *The State vs. Smith Bell, 5 Eng. Rep.* 540, Mr. Justice SCOTT, in delivering the opinion of the court, said: "The record shows that the jury were sworn only 'to try the issue joined.' This was irregular: they should have been sworn to give a true verdict, according to law and evidence, (*citing Patterson vs. The*

*State*, 2 *Eng. Rep.* 59.) Had it been stated on the record that the jury were *duly* or *regularly sworn*, we would have presumed that the oath had been properly administered."

So, in the case of *Sanford vs. The State*, 6 *Eng. Rep.* 331, JOHNSON, C. J., said: The jurors in such cases, are the judges as well of the law as the facts, and, consequently, should be sworn to try the case according to both, or at least it should appear that they were *regularly* or *duly sworn*," (citing the cases from 2d to 5th *Eng. Rep.*, above quoted.) And to the same purport are the cases of *Burrow vs. The State*, 7 *Eng. Rep.* 70, and *Bivens vs. The State*, 6 *Eng. Rep.* 465.

Upon the authority of these cases, we hold that the transcript shows, with sufficient certainty, by intendment, that the jury were properly sworn in this cause, and we will not disturb the verdict on account of the defect insisted upon by the appellant.

The instruction asked for by the appellant, and the one given by the court, upon its own suggestion, involve the same question, and the principles of law which will determine the one, will be equally decisive and conclusive of the other. We will, therefore, for the sake of brevity, consider them together.

It may be stated, as an incontrovertible proposition, that, if Thompson Cooper, the person who assumed to act as the deputy of James Davidson, the sheriff of Poinsett, was not, at the time the process under which the arrest of appellant was made, the deputy of Davidson, both he and Henderson, the person summoned to assist in the arrest of the appellant, and on whom the assault and battery is charged to have been made, were trespassers in what they did: for the process which came to the hands of Cooper, whether placed there by the clerk, supposing him to be deputy of Davidson, or by Davidson himself, did not authorize Cooper to execute it; and, consequently, did not warrant him to call to his aid the assistance of Henderson, to do what he was not authorized to do. The statute, under which sheriffs are authorized to appoint deputies, is in these words: "Each sheriff may appoint one or more deputies, for whose con-

duct he shall be responsible: and the appointment of each deputy shall be approved or confirmed by the Circuit or County Court: and such approval shall be entered on the record of the court." See *Digest*, *sec.* 6, *p.* 939.

It may be laid down, we think, as an unquestionable proposition, that, since the passage of the act which we have just quoted, a deputy sheriff cannot be appointed, so as to be invested with the authority of the principal, without his appointment shall be confirmed or approved by the Circuit or County Court, of the county in which he is to act as such deputy. And we think it clear, from the tenor of the section of the Digest in question, that this approval by one of the courts named, must precede the time at which the person shall commence to act as such deputy, for the authority to so act is derived from the law, coupled with the appointment. The appointment, without the confirmation or approval of the court, being an inchoate authority.

We will proceed, therefore, to determine from the transcript in this cause, considered in connection with the principles of the law bearing upon the question, whether Cooper was the legally constituted deputy of Davidson, at the time he undertook to execute the process of capias on the appellant.

There can be no question, that, if the Legislature had not considered it imperative upon that department to prescribe some restrictions upon the inherent powers of sheriffs of the State, by the enactment of the section already given, they may well have exercised the right of appointing deputies, as a power belonging to them, derived from the common law, or sanctioned by custom, "whereof the memory of man runneth not to the contrary."

It is to be presumed, that the Legislature had an object in view at the time the provision referred to was engrafted upon our system of laws, and it is manifest, we think, what object was intended, and what was expected to be accomplished by it. It was the evident intention of the Legislature to take from the sheriffs, throughout the State, the common law right in respect

to the appointment of deputies, and make its exercise dependent, to some extent, upon the discretion of one of two courts, and thereby better insure the appointment of faithful functionaries—such as, the public might confide in on account of their integrity, probity and qualification.

It may be remarked that, notwithstanding the legislative enactment referred to, and notwithstanding the approval of the appointment by one of the courts named, a deputy sheriff holds his office or appointment, not for any given or named period fixed or limited by the law, but the sufference or consent of his principal, so that it does not extend beyond the time limited as the period of tenure for the principal. The principal sheriff holds his office, under the constitution, for two years. He cannot, therefore, confer an appointment upon a deputy, to extend to a longer period than his own tenure. At the time his office expires by constitutional limitation, his appointments of deputy are, *eo instanti*, revoked by operation and implication of law. Should he be re-elected, he derives his authority to act, as he did in the first instance, from his new election under the constitution. He is, to all intents and purposes, a new officer—is required to be commissioned anew—to take anew the oath of office, make a new bond, &c. So, we apprehend, in respect to his deputies—their offices having expired with the commission of the principal, they must have a new commission posterior to his, and the sanction of the court must be obtained anew.

In the case at bar, the evidence shown by the transcript, renders it very clear, that the instruction moved for by the appellant, did not present a naked or abstract question of law. The evidence is conclusive upon the point, that Cooper had not been re-appointed deputy sheriff of Poinsett county, since the re-election of Davidson, next before the time at which he, Cooper, attempted to execute the process, in conjunction with Henderson, upon appellant. We, therefore, hold that, without such re-appointment and approval, or confirmation thereof by the Circuit or County Court of Poinsett county, he, Cooper, could

not legally act as deputy sheriff. He was, therefore, not warranted in calling upon Henderson to aid him in doing what he had no authority to do: that is to say, to take appellant under the warrant placed in his hands. His conduct towards appellant, in his arrest under the warrant, was a trespass upon his person, and the act of Henderson in laying hold of appellant on his attempt to escape, constituted an assault and battery upon the person of appellant, which authorized appellant to resist with just such force as was necessary to repel the attack upon his person.

The court, therefore, erred in refusing to give the instruction asked for by the appellant, and also in giving the one on its own suggestion.

We are constrained to believe, from the evidence in the cause, that, if the jury had not been misled by the instruction of the court, their verdict would have been different.

We, therefore, reverse the judgment of the court below, and remand the cause to the Circuit Court of Poinsett county, with directions that a new trial be granted the appellant, and that the court proceed in accordance with law, and not inconsistent herewith.

Mr. Justice SCOTT, absent.