WILLIAM M. AHIA, A. R. CUNHA, BEN ˙HOLLIN-
GER AND E. W. QUINN, AS CITIZENS AND
TAX-PAYERS AND AS QUALIFIED AND ACT-
ING SUPERVISORS OF THE CITY AND COUN-
TY OF HONOLULU, A MUNICIPAL CORPORA-
TION, AND COLLECTIVELY CONSTITUTING A
MAJORITY OF THE BOARD OF SUPERVISORS
OF SAID CITY AND COUNTY, *v.* LOUIS S. CAIN.

No. 1533.

RESERVED QUESTIONS FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

SUBMITTED APRIL 10, 1924.                DECIDED MAY 1, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

MUNICIPAL CORPORATIONS—*employees—tenure.*

> Where the term of employment of the head of a department of
> the City and County of Honolulu is not fixed by law, it is not
> conterminous with the terms of office of the mayor and board of
> supervisors to whom he owes his appointment but continues until
> he is removed as provided by law.

OPINION OF THE COURT BY PETERS, C. J.

*Quo warranto* proceedings were instituted in the cir-
cuit court of the first circuit to test the legality of the
incumbency of Louis S. Cain as city and county engineer
of the City and County of Honolulu. The respondent
demurred to the writ and certain questions of law raised
by the demurrer were reserved to this court, all of which
may be resolved into the one question of whether the
respondent was at the time of the institution of the pro-
ceedings the *de jure* city and county engineer of the City
and County of Honolulu. The petitioners contend that he
was not for the reason that the office of city and county

engineer is a mere adjunct of the mayor and board of supervisors who appointed him and that his term of employment expired with the expiration of their respective terms of office, and if not he has never qualified as city and county engineer by taking an oath of office and giving a bond as required by law.

From the allegations of the petition which are admitted by the demurrer it appears that on January 2, 1924, prior to twelve o'clock noon of that day, the then mayor with the approval of the then board of supervisors appointed the respondent city and county engineer of the City and County of Honolulu; that at twelve o'clock noon of the same day the mayor and board of supervisors who had been elected as such at the general municipal election in the month of November previous were inducted into office, since which time the said Cain has not been removed by the mayor with the approval of the board of supervisors nor has the mayor with the approval of the board of supervisors appointed a city and county engineer in place of or in succession to the said Cain.

Whether or not the city and county engineer is an officer or employee of the City and County we deem it unnecessary to decide. Preference of nomenclature leads us to the selection of the term "employment" and it will be so referred to herein. The employment of city and county engineer is not of statutory creation. It is nowhere spoken of in the Municipal Act, in fact no reference is made to such position in the statutory law of the Territory except in relation to improvement districts, the provisions of which do not affect the question involved. The position was created by Ordinance No. 32 of the City and County of Honolulu approved January 24, 1912. The ordinance is silent as to tenure. The result is that it is at the will of the appointing power. Section 1 of the ordinance provides: "The mayor with the approval of the

board of supervisors of the City and County of Honolulu shall appoint and may remove at pleasure a suitable person as engineer of the City and County of Honolulu."

The power to so appoint and remove flows from the provisions of section 1704, R. L. 1915, as amended by section 8 of Act 62, S. L. 1919, and as a consequence can be no greater than the power therein conferred. Section 1704, R. L. 1915, as amended, provides as follows: "The mayor, with the approval of the board of supervisors, shall appoint and may remove all heads of departments, now or hereafter created or recognized by law or ordinance, except elected officials, and all other officials whose appointment is not otherwise provided for." It cannot be questioned—in fact both parties agree—that the city and county engineer is not an elected official of the City and County but on the contrary is the head of a department, and that his appointment is not otherwise provided for. Hence the mayor with the approval of the board of supervisors appoints and removes the city and county engineer. No question is raised and we see no room for the contention that the respondent Cain was not regularly appointed city and county engineer of the City and County of Honolulu on January 2, 1924, and we so hold. Hence his incumbency depends primarily on whether or not it expired with the expiration of the respective terms of office of the mayor and board of supervisors who appointed him and who went out of office at noon on January 2, 1924.

Though a public employment be without term and at will it does not necessarily follow that it is conterminous with the expiration of the term of office of the appointing power. To do so the employment must create the relation of principal and agent between the appointing power and the appointee. This situation is best illustrated in the case of deputies to executive officers where the courts have held that a deputy is a mere adjunct of the appoint-

ing power and hence his employment or term of office ceases with the expiration of the term of office of the appointing power. A deputy is defined as 'one "who by appointment exercises an office in another's right, having no interest therein but doing all things in his principal's name and for whose misconduct the principal is answerable." 9 A. & E. Ency. L. 369. "A deputy * * * is in law deemed an agent." Story on Agency, Sec. 149, note, cited in *Herring* v. *Lee,* 22 W. Va. 661, 667. Hence the term of office of the deputy, upon principles of agency, is conterminous with the expiration of the office of his principal. (See *Greenwood* v. *The State,* 17 Ark. 332, 338; *Wilson* v. *Russell,* 31 N. W. (Dak.) 645, 650; *Boardman* v. *Halliday,* 10 Paige (N. Y.) 223, 230; *Hord* v. *State,* 79 N. E. (Ind.) 916, 922 and cases cited.)

But in the instant case the city and county engineer is not the agent of the mayor and board of supervisors but the agent of the City and County. To the mayor with the approval of the board of supervisors is delegated the authority to appoint but to the city and county engineer has been delegated municipal powers and duties which he exercises, not as agent of the mayor and board of supervisors, but as agent of the City and County. By section 2 of Ordinance No. 32 it is provided: "The city and county engineer shall have charge of the construction, repair and maintenance of all public streets, highways, roads, alleys, trails, sidewalks, bridges and public places in the City and County of Honolulu." For his negligence in the performance of those duties the City and County, and not the board of supervisors, is responsible. If not an agent of the mayor and board of supervisors he is not an adjunct of that officer and body.

We see no difference and there can in reason be none between an employee of the City and County who is subject to appointment and removal by the mayor with the

approval of the board of supervisors and an employee of a private corporation who holds his position subject to the pleasure of its board of directors. Boards of directors of private corporations, under their by-laws are, similarly as the mayor and board of supervisors of the City and County of Honolulu, elected for definite terms and yet in the case of a private corporation it has been uniformly held that an employee of a corporation, the tenure of whose employment is subject to the pleasure of the board of directors of the corporation, is not conterminous with the term of the board of directors who appointed him but continues during the life of the corporation until regularly removed, upon the principle that the employee is the agent of the corporation and not the agent of the board of directors. (See *Kidd* v. *N. H. Traction Co.*, 66 Atl. 127, 132; *Germania Spar & Bau Verein* v. *Flynn*, 66 N. W. (Wis.) 109; *Union Bank of Maryland* v. *Ridgely*, 1 Harr. & G. (Md.) 324, 432.)

Hence it is the general rule that in public corporations, in which category the City and County of Honolulu is included, "Where * * * the term of office is not fixed by law the officer is regarded as holding at the will of the appointing power on the theory that the power of removal is incident to the power of appointment. Such appointments at pleasure, if made by a board, are unaffected by a change in the personnel of the board." 29 Cyc., title "Officers," p. 1396. (See also *State* v. *Public Lands, etc., Board*, 7 Neb. 42; *State* v. *Goodrich*, 84 Atl. (Conn.) 99.) By section 1704 as amended the power of removal is expressly granted to the mayor with the approval of the board of supervisors. Obviously, if this rule applies in the case of implied authority to remove, it applies with equal force where such power is expressly granted, and the appointment of respondent continued in force until revoked by his removal by the mayor with the

approval of the board of supervisors. See *Ex parte Hennen,* 13 Pet. (U. S.) 230, 254.)

We do not deem it necessary to decide whether it was incumbent upon the respondent to ·subscribe to the oath required by section 1669, R. L. 1915, or give the bond required by section 1670, R. L. 1915, as amended by section 5 of Act 67, S. L. 1915, before entering upon the duties of his office. These requirements, if applicable to the respondent, do not affect the question of whether 'or not at the time of the institution of the *quo warranto* proceedings he was the *de jure* city and county engineer. The appointment of the respondent was complete when made by the mayor and approved by the board of supervisors and the giving of a bond or the taking of an oath, if conditions, were conditions subsequent and not conditions precedent to his appointment. (*United States* v. *Bradley,* 10 Pet. 343, 364; *United States* v. *Linn,* 15 Pet. 290, 313; *United States* v. *Eaton,* 169 U. S. 331, 346; *Glavey* v. *United States,* 182 U. S. 595, 602.)

The first question reserved, viz., "Should said demurrer be sustained," is therefore answered in the affirmative.

*Brown, Cristy &·Davis* for petitioners.

*Huber & Kemp* for respondent.

### CONCURRING OPINION OF PERRY, J.

One of the allegations of the petition is that the respondent did not file a bond or take the oath of office before noon of January 2, 1924, and the claim based upon this allegation is that by reason of these omissions the appointment of the respondent was incomplete at noon of January 2 and that the office of city and county engineer is therefore vacant. It is not alleged whether the bond was filed or the oath taken after the hour stated and before the institution of this suit. In the absence of any allegation to the contrary and since the burden of

showing facts sufficient to constitute cause for ousting the respondent from office is upon the petitioners, the inference must be upon this demurrer that the respondent did file a bond and take the oath of office after noon of January 2 and before the commencement of these proceedings. Assuming then, but not deciding, that the statutory requirement concerning the filing of a bond and the taking of an oath by certain appointees to office applies to the case of the respondent, it is nevertheless immaterial that these two steps were taken after and not before noon of January 2. A bond can be filed and an oath taken, at best, only by one who has been appointed to an office. The appointment is complete without the filing of the bond and the taking of an oath. *United States* v. *Bradley,* 10 Pet. 343, 364; *United States* v. *Linn,* 15 Pet. 290, 313; *United States* v. *Eaton,* 169 U. S. 331, 346; and *Glavey* v. *United States,* 182 U. S. 595, 602-604.

The power of appointment of city and county engineers is vested in the mayor with the approval of the board of supervisors. The appointment of the respondent was made by the mayor with the approval of the board of supervisors. The case, therefore, is that of an appointment duly and legally made towards the close of but during the term of a mayor and a board of supervisors and the question is whether the term of office of the engineer necessarily expires at the same time when the term of the mayor and the board of supervisors who appointed him expires. The contention on behalf of the petitioners is that by reason of the fact that the custody and care of the roads and bridges and other property of the city and county are entrusted by law to the board of supervisors, it would be contrary to sound public policy to permit an outgoing mayor and board to appoint an engineer with power to serve during the term of the next succeeding mayor and board; and cases are cited from other juris-

Perry, J., concurring.

dictions where statements similar to this have been made by courts. The cases cited, however, do not apply to the facts of the case at bar. In some of these cases the appointee was seeking to enforce the payment of salary accruing after removal by the officials succeeding those who appointed him. In the case at bar there has been no exercise of the power of removal by the new mayor and board. In others it has been held that, when the officer appointed is a deputy or substitute of the appointing officer or occupies a particularly intimate official relationship with the appointing officer, a relationship involving peculiar trust and confidence by the appointing officer in the appointee, the inference is justifiable or required that it was the legislative intention in creating the office that no such appointee should continue in office longer than the appointing officer. Whatever the merits of this rule may be it has no application in the case at bar because the city and county engineer is not a deputy of the mayor or of the board of supervisors and occupies no such intimate relationship to the appointing power as the cases referred to would seem to involve or be based upon. The appointee in the case at bar is the agent of the City and County and not of the mayor or of the board. This seems to be too clear for argument. But this does not dispose of the case. It still remains to be considered whether, agent that he is of the City and County, there is any provision in the law indicating what his term of office is.

There is no express provision in the statutes or ordinances defining the length of the term of office of the city and county engineer. If it had been intended by the legislative authority that the engineer should go out of office concurrently with the appointing mayor and board, it would be natural to expect that some provision would have been made as to who would perform the duties of that office between the expiration of the term of the out-

going mayor and board and the appointment of a new engineer. The legislative authorities must be deemed to have appreciated that, whatever the theory of the law may be as to a permanent appointment by the incoming mayor and board, more or less delay might well occur before the appointment of a successor due to differences of opinion between the mayor and the board and possibly other causes. For example, it would be natural to expect under those circumstances that the ordinance would vest in the mayor or board or both the power to make temporary designation of the same or another person to perform the duties of that office. Nothing of the sort is to be found in the written law. There is nothing in the ordinances or statutes to negative the presumption that it was intended that the appointee should continue in office until his successor was appointed and qualified. That is the natural and ordinary presumption of law when the appointment of an officer is provided for by statute or ordinance and no statement is made as to the length of his term. It is presumed under those circumstances that he is to continue in office until his successor is appointed and that he is removable at any time at the will of the appointing power. Our statutes and ordinance in this case make the matter even clearer for it is expressly provided that the city and county engineer may be removed at any time by the mayor with the consent of the board. The public is fully protected by these provisions. An engineer may not continue in office indefinitely against the will of an incoming mayor and board. An outgoing board, as held in cases cited by petitioners' counsel, would be without power to assure to an engineer duly appointed that he could, against the will of an incoming board and mayor, continue to hold the office and draw its salary during the incumbency of the incoming mayor and board. Bearing in mind the silence of the statutes and the ordinance in so

far as express language is concerned as to the engineer's term of office, the presumption of law that under such circumstances he continues in office until his successor is appointed, the express provision of the law that the engineer is removable at the will of the mayor and the board of supervisors, and the absence of any provision as to the method of conducting the government in that department between the expiration of the term of office of an outgoing mayor and board and the actual appointment of a succeeding engineer, the only reasonable inference is that it was the intention of the lawmakers that an engineer duly appointed should continue in office until removed or until the due appointment of a successor even though that should extend his tenure of office into the term of a succeeding mayor or board. The presumption and the theory of the law are, of course, that in selecting and appointing and in removing a city and county engineer the appointing officers are moved merely by the best interests of the City and County and are not moved by what are ordinarily called political considerations. If it so happens that in any given instance a mayor or a board or both are moved by political considerations and by reason thereof are unable to agree upon an appointment or a removal, that, however regrettable, cannot affect the construction of the law. Whether the law in this respect ought to be amended is a matter that concerns the legislative authorities and not the courts.

I concur in the conclusion that the respondent is the duly appointed city and county engineer and that the demurrer should be sustained.